Jeffrey G. Sheldon (SBN 67516)
jsheldon@leechtishman.com
Thoms J. Peistrup (SBN 213407)
tpeistrup@leechtishman.com
Katherine M. Bond (SBN 263020)
kbond@leechtishman.com
LEECH TISHMAN FUSCALDO & LAMPL
100 East Corson Street, Third Floor
Pasadena, California 91103-3842
Telephone: (626) 796-4000
Facsimile: (626) 795-6321

Attorneys for Plaintiff
SAN ANTONIO WINERY, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN ANTONIO WINERY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TESTA ROSSA PHILADELPHIA, LLC, a Pennsylvania limited liability company, RED STAR ITALIAN, LLC, a Pennsylvania limited liability company and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTION:<br><br>1. TRADEMARK INFRINGEMENT<br>2. FALSE DESIGNATION OF ORIGIN<br>3. COMMON LAW TRADEMARK INFRINGEMENT<br>4. COMMON LAW UNFAIR COMPETITION<br>5. BREACH OF SETTLEMENT AGREEMENT<br><br>REQUEST FOR JURY TRIAL |

/ / /

/ / /

Plaintiff San Antonio Winery, Inc., through its attorneys Leech Tishman Fuscaldo Lampl, alleges as follows:

## THE PARTIES

1.     Plaintiff San Antonio Winery, Inc. ("Plaintiff" or "San Antonio") is a corporation duly organized and existing under the laws of the State of California and has its principal place of business within the City and County of Los Angeles in the State of California.

2.     Upon information and belief, Defendant Testa Rossa Philadelphia, LLC ("Testa Rossa") is a limited liability company organized under the laws of Pennsylvania with a principal place of business at 929 Walnut Street, Philadelphia, Pennsylvania.

3.     Upon information and belief, Defendant Red Star Italian, LLC ("Red Star") is a Pennsylvania limited liability company with a principal place of business at 929 Walnut Street, Philadelphia, Pennsylvania.

4.     True names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff and therefore Plaintiff sues these Defendants by these fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

5.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

6.     Plaintiff is informed and believes and on that basis alleges that at all times mentioned in this Complaint, Testa Rossa, Red Star and Does 1-10 (collectively, the "Defendants") were the agents, servants and employees of their Co-Defendants, and in doing the things set forth in this Complaint were acting within the scope of their authority as such agents, servants and employees, and with the permission and consent of their Co-Defendants.  Moreover, Plaintiff is informed and

COMPLAINT FOR DAMAGES AND INJUNCTION

1  believes, and on that basis alleges, that each Defendant ratified the acts of his/her/its

2  Co-Defendants, as more particularly alleged in this Complaint.]

3  **JURISDICTION AND VENUE**

4  7.    The Court has original jurisdiction over this action under 15 U.S.C. §

5  1121 and 28 U.S.C. §§ 1331 and 1338(a) in that this case arises under the trademark

6  laws of the United States, 15 U.S.C. §§ 1051, et seq.  This Court also has original

7  jurisdiction over this action under 15 U.S.C. § 1338(b) in that it asserts a claim for

8  unfair competition that is joined with a substantial and related trademark claim.  This

9  Court has supplemental jurisdiction over the non-federal claims set forth herein

10 under 28 U.S.C. § 1367 in that those claims are so related to the federal claims that

11 they form part of the same case or controversy.

12 8.    This Court has personal jurisdiction over Defendants Testa Rossa and

13 Red Star  and venue is proper in this district based upon consent of the parties, as

14 provided in paragraph 22 of an Executed Settlement Agreement, a true and correct of

15 which is provided as Exhibit "A" ("Settlement Agreement") which states:

16 "This Agreement and any and all disputes arising out of or related to

17 this Agreement or to the Parties' uses of their respective marks in the

18 United States shall be governed by the laws of the State of California

19 without regard to conflict of law principles that would require

20 application of the laws of another jurisdiction.  Moreover, any future

21 action between the parties in the United States arising out of or relating

22 to this Agreement or the Action shall be commenced in, and be decided

23 by, the federal or state courts, as appropriate, located in the County of

24 Los Angeles."

25 **SAN ANTONIO AND ITS TRADEMARKS**

26 9.    San Antonio is a family owned corporation that is engaged in, among

27 other things, the production, sale and nationwide distribution of wines and bistro

28 services.  It has been in business since 1917 and, over the years, its wines have won

COMPLAINT FOR DAMAGES AND INJUNCTION

numerous wine competition awards.

10.     San Antonio is the owner of several well-known trademarks, including but not limited to, the word mark STELLA ROSA (the "STELLA ROSA Word Mark") and a combination mark and design consisting of the words STELLA ROSA in stylized format below a crown (the "STELLA ROSA Design Mark"), and the STELLA ROSSO Word Mark.  San Antonio commenced using the STELLA ROSA Word Mark and the STELLA ROSA Design Mark in commerce in the United States at least as early as September 2004 in connection with the sale and offer for sale of wines.  San Antonio has used both marks in connection with such goods continuously from the time it adopted them until the present.

11.     The STELLA ROSA Word Mark is the subject of U.S. federal trademark registration no. 4,000,417 (the "'417 Registration"), a true and correct copy of which is attached as Exhibit "B".  The '417 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on July 26, 2011 for use in connection with wine.

12.     The STELLA ROSA Design Mark is the subject of U.S. federal trademark registration no. 3,663,013 (the "'013 Registration"), a true and correct copy of which is attached as Exhibit "C".  The '013 Registration was issued by the PTO on August 4, 2009 for use in connection with wines.

13.     The STELLA ROSSO Word Mark is the subject of U.S. federal trademark registration no. 4,243,490 (the "'490 Registration"), a true and correct copy of which is attached as Exhibit "D".  The '490 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on November 13, 2012 for use in connection with wine.

14.     The STELLA ROSA Word Mark is the subject of U.S. federal trademark registration no. 4,621,690 (the "'690 Registration"), a true and correct copy of which is attached as Exhibit "E".  The '690 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on October 14, 2014 for use in

COMPLAINT FOR DAMAGES AND INJUNCTION

connection with jellies and sauces.

15.     The STELLA ROSA Word Mark is the subject of U.S. federal trademark registration no. 4,522,059 (the "'059 Registration"), a true and correct copy of which is attached as Exhibit "F."  The '059 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on April 29, 2014 for use in connection with bistro services.

16.     The STELLA ROSA Word Mark is the subject of U.S. federal trademark registration no. 4,575,423 (the "'423 Registration"), a true and correct copy of which is attached as Exhibit "G."  The '423 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on July 29, 2014 for use in connection with clothing, hats and shirts.

17.     The STELLA ROSA Word Mark is the subject of U.S. federal trademark registration no. 4,636,301 (the "'301 Registration"), a true and correct copy of which is attached as Exhibit "H."  The '301 Registration was issued by the U.S. Patent and Trademark Office ("PTO") on November 11, 2014 for use in connection with lip balm, metal key chains, cocktail shakers and ice buckets.

18.     These registrations constitute prima facie evidence of the validity of the STELLA ROSA Word Mark, STELLA ROSSO Word Mark and the STELLA ROSA Design Mark, of San Antonio's ownership of those marks, and of San Antonio's exclusive right to use these in connection with the goods specified in those registrations and in connection with related goods and services.

19.     These marks are collectively referred to as the "San Antonio Stella marks."

20.     San Antonio has used the San Antonio Stella marks to identify its goods and services and to distinguish them from the goods and services made and sold or offered by others by, among other things, prominently displaying the mark on its products, on its Internet website and on advertising materials promoting its goods.  In the past two years alone, San Antonio's advertising expenditures to promote goods

COMPLAINT FOR DAMAGES AND INJUNCTION

bearing the San Antonio Stella marks have totaled approximately $3.5 million. Currently, San Antonio's sales of wines under the San Antonio Stella marks exceed $45 million annually.

21.    The presence of the San Antonio Stella marks for San Antonio's goods indicates to the public that goods and services provided under the San Antonio Stella marks originate with, or are provided by, San Antonio.  San Antonio adheres to strict quality standards in the manufacture of its wines.  Thus, the consuming public has come to associate the San Antonio Stella marks with wines and other goods and services of high quality.  As a consequence of all of the foregoing, the San Antonio Stella marks have attained considerable value and the goodwill associated with them represents a valuable business asset.

## THE DEFENDANTS' ACTIVITIES

22.    San Antonio is informed and it believes, and based thereon it alleges, that the Defendants are offering to provide, and are providing restaurant services, including sale of wine, using the mark Stella Rossa.  Not only are such uses infringement of the San Antonio Stella marks, but also breach of the Settlement Agreement.

23.    Defendants by their continued use of the STELLA ROSSA mark with notice of San Antonio's prior rights, and in breach of the Settlement Agreement, are attempting to usurp for itself the goodwill that San Antonio has built up in the STELLA ROSA Marks.  Such continued use is willful, malicious, oppressive, and fraudulent.

24.    By reason of Defendants' acts, as alleged herein, San Antonio has suffered damage to its business, reputation and goodwill, including attorney fees incurred in enforcing the terms of the Settlement Agreement.

25.    Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing its unauthorized

COMPLAINT FOR DAMAGES AND INJUNCTION

use of Stella Rosso, these injuries will continue to occur.

### FIRST CLAIM FOR RELIEF

### (For Trademark Infringement – 15 U.S.C. § 1114(1))

26.    San Antonio repeats and re-alleges paragraphs 1 through 25, as though fully set forth in this paragraph.

27.    The San Antonio Stella marks are owned by San Antonio and San Antonio has continuously used Stella Rossa in commerce since at least as early as September 2004.  San Antonio has never authorized or consented to Defendants' use of any mark which is the same as, is confusingly similar to, or constitutes a colorable imitation of the San Antonio Stella marks in commerce in connection with its products or services.

28.    Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception in violation of Section 32(1) of the Lanham Act, 15 U.S.C.  § 1114(1).

29.    Defendants' acts have been undertaken with full knowledge of San Antonio's rights in and to at least two of the San Antonio Stella marks and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with the San Antonio Stella marks.

### SECOND CLAIM FOR RELIEF

### (For False Designation of Origin – 15 U.S.C.  §1125(a))

30.    San Antonio repeats and re-alleges paragraphs 1 through 25 and 27 through 29 as though fully set forth in this paragraph.

31.    The San Antonio Stella marks are owned by San Antonio and San Antonio has continuously used them in commerce for many years.  San Antonio has not authorized or consented to Defendants' use of the San Antonio Stella marks or of

- 6 -

COMPLAINT FOR DAMAGES AND INJUNCTION

any similar marks or names in connection with its products or services beyond usage permitted by the Settlement Agreement.

32.    Defendants' actions, as alleged above, are likely to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with San Antonio, or as to the origin, sponsorship or approval of Defendants' products or services by San Antonio in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.    San Antonio is informed and it believes and, based thereon it alleges that Defendants' acts have been undertaken with full knowledge of San Antonio's rights in and to the San Antonio Stella marks and with the willful and deliberate intent to cause confusion, mistake and deception among members of the relevant public and to trade on the goodwill associated with those marks.

34.    Defendants' acts have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing its unauthorized use of marks, words and symbols that are confusingly similar to the STELLA ROSA Marks, these injuries will continue to occur.

## THIRD CLAIM FOR RELIEF

### (For Common Law Trademark Infringement)

35.    San Antonio repeats and re-alleges paragraphs 1 through 25, 27 through 29 and 31 through 34 as though fully set forth in this paragraph.

36.    On information and belief, the Defendants' actions, as described above, constitute conduct that is willful, malicious and so careless as to indicate a wanton disregard for the intellectual property rights of San Antonio.  Further, the Defendants' acts, as alleged above, constitute conduct that is so outrageous as to demonstrate willfulness, wantonness or recklessness in that they have been undertaken with a conscious disregard of San Antonio's intellectual property rights

1   and with a desire to injure San Antonio's business and to improve its own.

2

3                          **FOURTH CLAIM FOR RELIEF**

4                          **(Common Law Unfair Competition)**

5           37.     San Antonio repeats and re-alleges paragraphs 1 through 25, 27 through

6   29, 31 through 34 and 36 as though fully set forth in this paragraph.

7           38.     The above-described acts of Defendants constitute common law unfair

8   competition in that Defendants are attempting to pass off its goods and services as

9   those of San Antonio.  Such acts have caused and will continue to cause irreparable

10  and immediate injury to San Antonio for which San Antonio has no adequate remedy

11  at law.  Unless Defendants are restrained by this Court from continuing the acts

12  alleged herein, these injuries will continue to occur.

13          39.     On information and belief, the Defendants' actions, as described above,

14  constitutes conduct which is willful, malicious and so careless as to indicate a

15  wanton disregard for the intellectual property rights of San Antonio.  Further, the

16  Defendants' acts, as alleged above, constitute conduct which is so outrageous as to

17  demonstrate willfulness, wantonness or recklessness in that they have been

18  undertaken with a conscious disregard of San Antonio's intellectual property rights

19  and with a desire to injure San Antonio's business and to improve its own.

20

21                          **FIFTH CLAIM FOR RELIEF**

22                          **(Breach of Settlement Agreement)**

23          40.     San Antonio repeats and re-alleges paragraphs 1 through 25 as though

24  fully set forth in this paragraph.

25          41.     Plaintiff and Defendants Testa Rossa and Red Star, entered into the

26  Settlement Agreement, effective as of March 7, 2014, which is incorporated by

27  reference.

28          42.     According to Paragraph 1 of the Settlement Agreement, there was a

                                        - 8 -
                          COMPLAINT FOR DAMAGES AND INJUNCTION

Phase-Out Period between the Effective Date and September 7, 2014.  Defendants Testa Rossa and Red Star agreed to phase out its use of the term STELLA ROSSA during the Phase-Out Period and to phase in its use of a different mark (the "Replacement Mark") in connection with restaurant and wine bar services.  The Settlement Agreement specifically states:

> 3.      Following the Phase-Out Deadline, Stella Rossa (Testa Rossa and Red Star) shall not use the term STELLA ROSSA, its phonetic equivalent, or any confusingly similar term, alone or in combination with other words or symbols in connection with restaurant and bar services and/or any related goods and services.

> 4.  Following the Phase-Out Deadline, Stella Rossa shall not register or use any domain name in connection with its business that includes the term STELLA and the term ROSSA (or ROSA) or their phonetic equivalents in combination, including (by way of example and not limitation) the domain names STELLAROSSARISTORANTE.COM, STELLAROSSARESTAURANT.COM and STELLA-ROSSA.COM and the like. Following the Phase-Out Deadline, Stella Rossa shall also: (a) Refuse to renew registration of the domain name STELLAROSSARISTORANTE.COM which is expected to expire on March 16, 2015, and shall not assist any person, entity or association affiliated therewith to register the domain name and any and all other domain names it then owns or controls, that include the term STELLA and the term ROSSA (or ROSA) or their phonetic equivalents;

43.      Plaintiff has performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Settlement Agreement.

44.      However, Defendants Testa Rossa and Red Star breached the Settlement Agreement such as by continuing to use Stella Rossa Ristorante beyond the phase out

period, at least at one restaurant and on their web page.

      a)     As an example of such breach, at least one restaurant sign reads "Stella Rossa."  A true and correct copy of a photograph taken on or about September 4, 2015 of the restaurant sign showing its use of the term STELLA ROSSA is attached as Exhibit "I."

      b)     As another example of breach, Defendants breached the Settlement Agreement by adding the term "formerly known as Stella Rossa" to their web page.  True and correct copies of screen shots showing Defendants' use of "Stella Rossa," are attached to this Complaint as Exhibit "J."

      c)     Defendants also breached the settlement Agreement by renewing the domain name stellarossaristorante.com, which they continue to use and redirect to the web page of exhibit J.

      45.     As a result of Defendants breach of the Settlement Agreement, as alleged herein, San Antonio has suffered damage to its business, reputation and goodwill and the loss of profits and sales it would have made but for Defendants' conduct.

      46.     Defendants' breach of the Settlement Agreement have caused and will continue to cause irreparable and immediate injury to San Antonio for which San Antonio has no adequate remedy at law.  Unless Defendants are restrained by this Court from continuing its unauthorized use of marks, words and symbols that are confusingly similar to the STELLA ROSA Marks, these injuries will continue to occur.

## **PRAYER FOR RELIEF**

      WHEREFORE, San Antonio prays for relief as follows:

      1.     For an order permanently enjoining Defendants and Defendants' officers, agents, employees and representatives, and all those acting in concert or conspiracy with it from:

a. Using any mark or designation that makes use of the term STELLA ROSA or any permutation of that term, whether alone or in combination with other words, characters or symbols in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, San Antonio's goods;

b. Instructing or directing any third parties to prepare print advertising, flyers, containers, labels or packaging bearing the term STELLA ROSA or any permutation of that term, whether alone or in combination with other words, characters or symbols for use in connection with the sale, offer for sale, promotion or advertising of any products and/or services that are the same as, or are related to, San Antonio's goods;

c. Imitating, copying, making unauthorized use of, or otherwise infringing, Plaintiff's rights in and to the STELLA ROSA mark;

2. For an order directing the Defendants to deliver up for destruction all menus, products, labels, boxes, signs, prints, packages, wrappers, and artwork in its possession, or under its control, bearing or intended to bear the term STELLA ROSA or any permutation of that term, whether alone or in combination with other words, characters or symbols;

3. For an order pursuant to 15 U.S.C. § 1125(c)(1) permanently enjoining Defendants and Defendants' officers, agents, employees, and all those acting in concert or conspiracy with it from making use of the STELLA ROSSA mark or any other mark that contains the term STELLA ROSSA or any phonetic equivalent of that mark in connection with restaurant and bar services and/or the sale of wines, including as part of a domain name;

4. For a monetary award in favor of San Antonio in an amount equal to (i) San Antonio's actual damages and (ii) to the extent not included in actual damages, the Defendants' profits arising from the acts alleged above, such damages and profits to be trebled under 15 U.S.C. § 1117(a);

5.    For a finding that this is an exceptional case within the meaning of, and for an award of attorneys' fees pursuant to, 15 U.S.C. § 1117(a);

6.    For a finding that the Defendants' acts of infringement were willful within the meaning of 15 U.S.C. § 1117(c)(2);

7.    For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law;

8.    For a finding that the Defendants' acts were undertaken willfully, maliciously and so carelessly as to indicate a wanton disregard for the intellectual property rights of San Antonio and that the Defendants' acts constitute conduct which is so outrageous as to demonstrate willfulness, wantonness or recklessness in that they were undertaken with a conscious disregard of San Antonio's common law trademark rights and for an award of exemplary damages in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

9.    For an award of costs under 15 U.S.C. § 1117(a), or as otherwise provided by law; and

10.    For such other and further relief as the court deems just and proper.

DATED:  September 11, 2015    Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL LLP

By: /s/Jeffrey G. Sheldon
     Jeffrey G. Sheldon

Attorneys for Plaintiff,
SAN ANTONIO WINERY, INC.

**REQUEST FOR JURY TRIAL**

San Antonio requests a trial by jury of all which may properly be tried to a jury.

DATED:  September 11, 2015      Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL LLP

By: /s/Jeffrey G. Sheldon
        Jeffrey G. Sheldon

Attorneys for Plaintiff,
SAN ANTONIO WINERY, INC.